UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARDNER DENVER, INC.,

    Plaintiff,

v.                                                  Case No. 20-CV-895

AIR PACIFIC COMPRESSORS, INC.,

    Defendant.

## DECISION AND ORDER

Following the dismissal of Accurate Air Engineering, Inc. and John Lague from this action for lack of personal jurisdiction (*see* ECF No. 32), the remaining parties, Gardner Denver, Inc. and Air Pacific Compressors, Inc., were to proceed with discovery according to an agreed-upon schedule. (ECF No. 37.) But little progress has been made. Discovery has so far produced more discourteous emails between counsel than it has relevant documents. While Air Pacific has inexplicably produced only limited documents (*see* ECF No. 46 at 1), Gardner Denver set the tone with its approval of Air Pacific's extension request only upon agreement to certain conditions (ECF No. 44-2 at 1), which made for combative discovery from the start. That combativeness is on full

display in the matter now before the court, Gardner Denver's motion to compel discovery. (ECF No. 41.)

Gardner Denver asks that the court compel Air Pacific to produce documents relating to Accurate Air and Lague, to state whether it is "withholding documents on the basis of any of its stated objections," and to amend its responses to Gardner Denver's Requests to Admit insofar as they qualify that they are subject to its legal defenses. (ECF No. 43.) Specifically, Gardner Denver argues that discovery relating to Accurate Air and Lague is relevant even though both parties have been dismissed from this action. (*Id.* at 8-12.) It also argues that several of Air Pacific's responses do not comply with the March Scheduling Order (ECF No. 37) or with Federal Rule of Civil Procedure 34 (ECF No. 43 at 12-13), both of which require that Air Pacific state whether it is withholding documents on the basis of any stated objection. And it argues that some of Air Pacific's responses to Gardner Denver's Requests to Admit are impermissibly qualified based on Air Pacific's argument that the notice provision in the Distributor Agreement is unenforceable. (*Id.* at 13-14.)

Air Pacific responds that, because Accurate Air and Lague have been dismissed from the action, discovery relating solely to them is irrelevant. (ECF No. 45 at 5-8.) It also argues that its responses comply with the Scheduling Order and Rule 34 (*Id.* at 8-9), and that it can qualify its responses to requests for admission that would otherwise force it "to concede a disputed legal issue." (*Id.* at 9-12.)

2

**1. Discovery Relating to Accurate Air and Lague**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant to any party's claim or defense" is a "very broad" standard. 8 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2008 (3d ed. 2021). Indeed, the "scope of relevance for discovery purposes is necessarily broader than it is for trial evidence." *Coleman v. Illinois*, Case No. 19 C 3789, 2020 WL 5752149, at *3, 2020 U.S. Dist. LEXIS 177020, at *9 (N.D. Ill. Sept. 25, 2020) (quoting *Doe v. Loyola Univ. Chi.*, Case No. 18 CV 7335, 2020 WL 406771, at *2, 2020 U.S. Dist. LEXIS 12289, at *9 (N.D. Ill. Jan. 24, 2020)). Additionally, relevance in discovery should "be construed liberally and with common sense, rather than in terms of narrow legalism." Wright, Miller &. Marcus, *supra*; *see also Sailsbery v. Village of Sauk Village*, Case No. 15-cv-10564, 2020 WL 5570091, at *2, 2020 U.S. Dist. LEXIS 170439, at *4 (N.D. Ill. Sept. 17, 2020) ("[T]he [c]ourt should be permissive when considering relevance objections.").

As Gardner Denver notes, Air Pacific and Accurate Air are "sister companies" with "common executives and ownership," including Lague. (ECF No. 43 at 10.) As Gardner Denver also notes, and as Air Pacific has already appeared to concede, "Accurate Air and Lague are closely related to Air Pacific's contractual dispute with Gardner Denver." (ECF No. 32 at 10; *see also* ECF No. 43 at 10; ECF No. 23 at 8-12.) The fact that the court dismissed Accurate Air and Lague on the ground that it lacks

personal jurisdiction over them does not mean that all efforts to obtain information about them is not discoverable. Of course, the requests must seek information relevant to Gardner Denver's claims against the lone remaining defendant, Air Pacific. Given that Air Pacific and Accurate Air are "sister companies" with "common executives and ownership," and that "Accurate Air and Lague are closely related to Air Pacific's contractual dispute with Gardner Denver," information relating to Accurate Air and Lague may be relevant to Gardner Denver's claims against Air Pacific and Air Pacific's defenses. Therefore, Air Pacific must supplement its document production in response to Request for Production No. 1 and amend its responses to Requests for Admission Nos. 21, 22, and 30.

Gardner Denver takes issue with Air Pacific's responses to Interrogatory Nos. 2, 3, 4, and 5, all of which ask Air Pacific to identify those individuals with knowledge of one thing or another. (ECF No. 43 at 17-19.) Air Pacific's responses to Nos. 2, 3, and 4 identify certain individuals, admittedly following a string of objections. (ECF No. 44-8 at 4-6, ¶¶ 2-4.) To the extent that Air Pacific's responses omitted the names of other individuals on the basis of one of its objections, it must supplement its responses to identify those persons—including persons employed by or acting on behalf of Atlas Copco—that it knows have information responsive to a particular interrogatory.

Air Pacific's response to Interrogatory No. 5 also must be amended. In that response Air Pacific chose to quibble over semantics instead of making the requested

identifications. (*Id.* at 6, ¶ 5.) Specifically, it "objects to the term 'acquisition of Air Pacific' on the ground that Atlas Copco did not 'acquire' Air Pacific; instead, Atlas Copco purchased certain assets of Air Pacific." (*Id.*) However, the interrogatory specifically asked Air Pacific to identify persons "having knowledge or information relating to Atlas Copco's acquisition of Air Pacific *or its assets*." (*Id.*) (emphasis added.) No good faith basis exists for Air Pacific not providing the information sought by Interrogatory No. 5, and the court orders that it amend its response to provide the information sought.

**2. Compliance with the March Scheduling Order and Rule 34**

The March Scheduling Order states, "In the event a responding party has an objection to a particular fact discovery request, the objection is to be stated with specificity. The response should also indicate whether some or all of the requested information or documents are NOT being produced on the basis of on objection." (ECF No. 37.) Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure similarly requires that a responding party state whether any responsive materials are being withheld on the basis of an objection. Air Pacific's responses, replete with a variety of objections, fail to clarify whether it is withholding any information or documents on the basis of its objections. As explained above, Air Pacific's objection that information relating to Accurate Air and Lague is irrelevant and undiscoverable is overruled. Air Pacific cannot use this objection as its reason for withholding information or documents.

Air Pacific must amend its responses to state whether some or all of the requested information or documents are not being produced on the basis of an objection. If it contends that a request is "so boundlessly overbroad that it would be impossibly even to begin to identify the documents or information with any degree of certainty or completeness," as it has contended so far (*see* ECF No. 44-12 at 2), it must at a minimum articulate generally categories or types of documents it is not producing based on its objections.

**3. Air Pacific's Qualified Responses**

Gardner Denver takes issue with Air Pacific's response to three of its Requests to Admit: Request Nos. 1, 3 and 4. In response to Request No. 1, Air Pacific admitted that the Distributor Agreement between Air Pacific and Gardner Denver was a valid and enforceable contract, "except that the requirement that Air Pacific provide Gardner Denver with ninety-days' notice is unenforceable." (ECF No. 44-8 at 31, ¶ 1.) Air Pacific denied Request Nos. 3 and 4 for that same reason: "that any requirement that Air Pacific provide Gardner Denver with ninety-days' notice of termination is unenforceable." (*Id.* at 31-32, ¶¶ 3-4.)

Air Pacific has agreed to amend its response to Request No. 4 to "admit." (ECF No. 45 at 11.) As for Air Pacific's response to Request No. 1, Air Pacific has admitted that the Distributor Agreement is generally valid except for the ninety-days' notice of termination provision. Gardner Denver obviously disagrees with the enforceability of

that provision, but it cannot expect to litigate the enforceability of the notice provision through discovery. That will have to be determined at a later date, either at summary judgment or at trial. Until then, it is unclear what Gardner Denver would have the court compel Air Pacific to do with regard to its response to Request No. 1.

As for Request No. 3, which asks Air Pacific to admit that Section 1.4 of the Distributor Agreement required Air Pacific to provide Gardner Denver with ninety-days' notice of termination (*see* ECF No. 44-1 at 19, ¶ 3), the Agreement says what it says. Whether what it says is enforceable or not is a different issue—again, an issue that will have to be decided either on summary judgment or at trial. Nothing is accomplished by asking Air Pacific to admit that the Agreement says something it clearly says. Gardner Denver has not demonstrated a need for an additional response to Request No. 3 from Air Pacific.

**Conclusion**

**IT IS THEREFORE ORDERED** that the plaintiff's motion to compel (ECF No. 41) and motion to amend/correct the scheduling order (ECF No. 42) are **GRANTED IN PART**. It is ordered that:

1. Defendant Air Pacific shall make its first production of documents to Gardner by October 22, 2021.

2. Air Pacific's objections to the relevance of documents relating to Accurate Air Engineering, Inc. and John Lague are overruled, and Air Pacific shall serve

amended responses and supplement document productions, as appropriate, in response to the following discovery requests from Gardner:

    a.    Request for Admission Nos. 4, 21, 22, and 30

    b.    Interrogatory Nos. 2, 3, 4 and 5

    c.    Request for Production of Documents No. 1.

3.    Air Pacific shall serve amended responses to Gardner Denver's First Set of Interrogatories and Requests for Production of Documents, stating whether Air Pacific is withholding documents on the basis of any of its stated objections.

4.    The date by which all discovery is to be complete is extended to June 15, 2022. Both the deadline for filing motions for summary judgment, and the deadline for filing motions under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), are extended to July 1, 2022. All other dates and provisions of the Court's March 22, 2021, Scheduling Order remain in effect.

Dated at Milwaukee, Wisconsin this 21st day of September, 2021.

                                          */s/ William E. Duffin*
                                          WILLIAM E. DUFFIN
                                          U.S. Magistrate Judge