# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

GARDNER DENVER, INC.,

        Plaintiff,

    v.                          Case No. 20-CV-895

AIR PACIFIC COMPRESSORS, INC.,

        Defendant.

## ORDER

## 1. Background

On July 14, 2021, plaintiff Gardner Denver, Inc. filed a motion to compel. (ECF No. 41.) On September 21, 2021, this court granted that motion in part. (*See* ECF No. 48.) Less than six weeks later, defendant Air Pacific Compressors, Inc. filed a motion to compel of its own. (ECF No. 49.) Gardner Denver responded to Air Pacific's motion by requesting a pre-motion discovery conference, citing a "hope that any further delay or discovery motion practice can be avoided." (ECF No. 58 at 1.)

This court granted Gardner Denver's motion and conducted a telephonic conference on December 16, 2021. (ECF Nos. 60, 63.) Mirroring discovery proceedings to date, the conference amounted to little more than a combative back and forth, and several discovery disputes remain unresolved as a result.

Air Pacific asks this court to compel Gardner Denver to produce documents and provide complete responses to document production requests 5 and 8 and interrogatories 2, 3, 4, 5, 6, and 7. It also asks this court to stay discovery until Gardner Denver produces those documents and provides those responses, and for an award of attorney fees and costs. Gardner Denver asks this court to deny Air Pacific's motion to compel and motion to stay discovery, and to not award attorney fees.

## 2. Analysis

### 2.1. Document Production Requests 5 and 8

Document Production Requests 5 and 8 ask for communications between Gardner Denver and others. Request number 5 asks for "[a]ll documents RELATING TO YOUR communications with customers in the TERRIOTRY on or after October 17, 2019." (ECF No. 49-8 at 18) (all citations reflect the ECF pagination.) Number 8 seeks "[a]ll documents RELATING TO communications between and/or among YOU, APC, ATLAS COPCO, John Lague, and/or Rick Sawaya." (*Id.* at 20.) Air Pacific says Gardner Denver "finally agreed to produce [these] documents four months after discovery was first propounded, but has not made a production." (ECF No. 49-1 at 24.) Because of this delay, Air Pacific argues that Gardner Denver should be compelled to produce these documents. (*Id.*)

Gardner Denver responds that it "has already produced or will produce non-privileged documents responsive to Requests for Production Nos. 5 and 8." (ECF No. 50

at 26.) Gardner Denver had asked Air Pacific to narrow these requests, and when Air Pacific agreed to do so Gardner Denver began providing responsive documents. (*Id.* at 27.) It began that production less than two weeks before Air Pacific filed the motion to compel and it plans to continue to produce responsive documents. (*Id.*) "Thus, there is no need for the Court to order Gardner Denver to produce documents responsive to Requests for Production Nos. 5 and 8." (*Id.*)

The parties seem to be on their way to resolving this discovery dispute among themselves. *Cf. Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) ("Where the court finds that its interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere."). Therefore, assuming Gardner Denver will continue to produce documents responsive to Requests for Production 5 and 8 as it says it will, Air Pacific's motion to compel production of these documents is denied as moot.

### 2.2. Interrogatories 2, 3, and 7

Interrogatories 2 and 7 ask Gardner Denver to describe the basis for its allegations that Air Pacific misused Gardner Denver's confidential information. Interrogatory 2 provides:

> For each part of the CONFIDENTIAL AND SENSITIVE COMPETITIVE INFORMATION responsive to the preceding Interrogatory, DESCRIBE IN DETAIL the basis for YOUR allegation that APC disclosed each part described to any third party, including ATLAS COPCO, identify all

persons with knowledge of the alleged disclosure, and identify all documents that RELATE TO YOUR ALLEGATION.

(ECF No. 49-8 at 6.) Interrogatory 7 provides:

> DESCRIBE IN DETAIL the basis for YOUR allegations in the COMPLAINT that APC "unfairly and unlawfully utilized [YOUR] competitively sensitive and proprietary confidential business information to market and sell [ATLAS COPCO's] products and parts to [YOUR] customers and installed base," and identify all persons with knowledge of all such alleged unfair and unlawful utilization by APC.

(*Id.* at 9-10.)

Interrogatory 3 asks Gardner Denver to describe the basis for its allegations that Air Pacific misrepresented to Gardner Denver that it had destroyed Gardner Denver's confidential and competitive information. Specifically:

> DESCRIBE IN DETAIL the basis for YOUR allegations in the COMPLAINT that APC's alleged representations that it had "ceased all business operations," was "liquidating" its assets, and "destroy[ed]" of YOUR competitively CONFIDENTIAL AND SENSITIVE COMPETITIVE INFORMATION were "false when they were made," and "were made with the intent of defrauding" YOU, and identify all persons with knowledge of all alleged misrepresentations and/or omissions made by APC.

(*Id.* at 7.)

Gardner Denver objected to these interrogatories, arguing that they are compound, premature, and contain multiple subparts. (*See* ECF No. 49-8 at 6-8, 11.) Regardless, it continued, it had already stated its basis for these allegations in its complaint, and Air Pacific likely already possessed information relating to these allegations. (*Id.*)

4

Air Pacific argues that Gardner Denver "cannot respond to interrogatories by incorporating its complaint by reference" and that Gardner Denver "should be required to provide a full and complete response to [Air Pacific's] interrogatories as a result." (ECF No. 49-1 at 22.) Gardner Denver disagrees, contending that "reference to and incorporation of the Complaint or other outside documents in an interrogatory response is not forbidden." (ECF No. 50 at 24.)

Interrogatory 2 relates to Gardner Denver's claim that Air Pacific breached the Distribution Agreement by disclosing Gardner Denver's confidential information to Atlas Copco. However, the court dismissed that claim in its March 2021 order. (*See* ECF No. 32 at 30-31.) Therefore, Interrogatory No. 2 seeks irrelevant information. Because Interrogatory No. 2 seeks irrelevant information, Air Pacific's request that this court compel Gardner Denver to provide a "full and complete response" to Interrogatory No. 2 is denied.  *Cf. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) ("[I]t is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken.").

As for Gardner Denver's answers to Interrogatories 3 and 7, "simply referring to pleadings or other discovery is frequently found insufficient." § 2177 Answers to Interrogatories, 8B Fed. Prac. & Proc. Civ. § 2177 (3d ed.) But it is not prohibited, and "each answer must be read in the light of the question in deciding its sufficiency." *Id.*; *see also Howard v. Urb. Inv. Tr., Inc.*, No. 03 C 7668, 2011 WL 976767, at *1 (N.D. Ill. Mar.

18, 2011). Indeed, "[c]ourts have allowed outside reference where the reference is clear and not meant to evade answering." *Howard*, 2011 WL 976767, at *1.

As Air Pacific notes, the several paragraphs that Gardner Denver references in its answers to Interrogatories 3 and 7 "contain several separate allegations 'on information and belief.'" (ECF No. 49-1 at 23 (citing ECF No. 1, ¶¶ 43, 46-49).) Responses to interrogatories based "on information and belief" are insufficient. *See Andree v. Ashland County*, 818 F.2d 1306, 1316 n. 13 (7th Cir. 1987); *see also Webb v. United States*, No. 04 C 4625, 2005 WL 8179043, at *2 (N.D. Ill. Apr. 7, 2005); *City of Chicago v. Reliable Truck Parts Co.*, No. 88 C 1458, 1992 WL 109049, at *3 (N.D. Ill. May 8, 1992). Without more than these references to "information and belief," this court cannot conclude that Gardner Denver's references to its complaint are not meant to evade answering Air Pacific's interrogatories. Therefore, Air Pacific's motion to compel answers to Interrogatories 3 and 7 is granted, and Gardner Denver must provide responses to these interrogatories without reference to the allegations made in its complaint. It must furnish all relevant information, and to the extent that it believes that information is in the possession of Air Pacific, it must specifically describe what it believes that information to be. *See* § 2177 Answers to Interrogatories, 8B Fed. Prac. & Proc. Civ. § 2177 (3d ed.).

### 2.3.  Interrogatories 4, 5, and 6

Interrogatories 4, 5, and 6 ask "Gardner Denver to describe and quantify its damages and the causal relationship to the asserted claims." (ECF No. 49-1 at 9-10.)

Interrogatory 4 reads:

> DESCRIBE IN DETAIL and quantify all SECTIONS 1.05(d) AND 3.02 DAMAGES that YOU incurred as a result (in whole or in part) of:
>
> a. APC's alleged failure to provide a 90-day written notice of termination without cause;
> b. APC's alleged sale of ATLAS COPCO's competing products and parts;
> c. APC's alleged disclosure to ATLAS COPCO of YOUR CONFIDENTIAL AND SENSITIVE COMPETITIVE INFORMATION;
> d. APC's alleged intentional misrepresentations to YOU; and
> e. Any other alleged wrongful conduct of APC; and identify all persons with knowledge about YOUR response to this Interrogatory, and identify all documents that RELATE TO all SECTIONS 1.05(d) AND 3.02 DAMAGES.

(ECF No. 49-8 at 8.)

> Interrogatory 5 reads:
>
> Do YOU contend that YOU sustained any damage other than SECTIONS 1.05(d) AND 3.02 DAMAGES? If so, then DESCRIBE IN DETAIL and quantify all such damages that YOU incurred as a result (in whole or in part) of:
>
> a. APC's alleged failure to provide a 90-day written notice of termination without cause;
> b. APC's alleged sale of ATLAS COPCO's competing products and parts;
> c. APC's alleged disclosure to ATLAS COPCO of YOUR CONFIDENTIAL AND SENSITIVE COMPETITIVE INFORMATION;
> d. APC's alleged intentional misrepresentations to YOU; and
> e. Any other alleged wrongful conduct of APC; and identify all persons with knowledge about YOUR response to this Interrogatory, and identify

all documents that RELATE TO all damages identified in response to this Interrogatory.

(*Id.* at 9.)

> And Interrogatory 6 reads:
>
> DESCRIBE IN DETAIL and quantify any and all "lost revenues and profits," "transition costs," "reputational and/or competitive harm," "incidental damages," and "other damages" as alleged in paragraphs 66, 72, 79, and 87 of the COMPLAINT, that YOU allege APC caused YOU as a result in whole or in part of:
>
> a. APC's alleged failure to provide a 90-day written notice of termination without cause;
> b. APC's alleged sale of ATLAS COPCO's competing products and parts;
> c. APC's alleged disclosure to ATLAS COPCO of YOUR CONFIDENTIAL AND SENSITIVE COMPETITIVE INFORMATION;
> d. APC's alleged intentional misrepresentations to YOU; and
> e. Any other alleged wrongful conduct of APC; and identify all persons with knowledge about YOUR response to this Interrogatory, identify all documents that RELATE TO all damages identified in response to this Interrogatory, and for each category, state whether YOU contend the category of damage is part of the SECTIONS 1.05(d) AND 3.02 DAMAGES.

(*Id.* at 9-10.)

Gardner Denver objected to each of these interrogatories, contending that interrogatories about damages were premature, "as [its] damages are likely to be the subject of expert testimony." (*See* ECF No. 49-8 at 8, 9, 10.) However, it agreed to "produce business records and other documents sufficient to identify Gardner Denver's damages in this matter" pursuant to Federal Rule of Civil Procedure 33(d). (*See id.*)

8

Gardner Denver produced some of these documents on August 20 and some on September 3. (ECF No. 49-1 at 13; *see also* ECF No. 50 at 11.) Air Pacific characterizes Gardner Denver's document production as a "50,000-page document dump [that] did nothing to identify [Gardner Denver's] damages." (ECF No. 49-1 at 11.) Later, Gardner Denver served Air Pacific with its second amended responses, maintaining its prior objections while providing what it characterizes as "fulsome narrative responses to Interrogatories 4, 5, and 6." (ECF No. 50 at 12.) That included Gardner Denver listing 75 individuals as having knowledge about its damages. (ECF No. 49-1 at 14.) This, Air Pacific argues, unfairly forces Air Pacific "to depose 75 people based on 47,000-plus pages of materials to figure out [Gardner Denver's] 'other' damages." (*Id.*)

Air Pacific argues that Gardner Denver has wrongfully "failed to answer [Air Pacific's] damages discovery" and that its use of Federal Rule of Civil Procedure 33(d) "does not come close to comporting with [the Rule's] requirements." (ECF No. 54 at 11.) Gardner Denver maintains that its "initial responses to Interrogatory Nos. 4, 5 and 6 were entirely appropriate under [Federal Rule of Civil Procedure] 33(d)," and remarks that "outside of producing an expert damages analysis in due course"—which it intends to do (*see* ECF No. 50 at 14)—it is "not sure what more it can do." (*Id.* at 21).

"The option to produce business records instead of answering an interrogatory only applies where the answer 'may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records.'" *Tovar Snow Pros., Inc. v. ACE*

*Am. Ins. Co.*, No. 20-CV-01060, 2021 WL 4745376, at *4 (N.D. Ill. Oct. 12, 2021). Gardner Denver "provided Air Pacific a letter with each production that contained a chart explicitly identifying, by Bates range, the business records being produced pursuant to Rule 33(d) and the corresponding interrogatory number." (ECF No. 50 at 20.) But Gardner Denver has not shown that the answers to Interrogatories 4, 5, and 6 can be determined by examining these records. Indeed, Gardner Denver only *just* explained its damages theory while responding to the instant motion. (*See id.* at 16.)

Moreover, that damages analysis is sometimes better left to experts does not save Gardner Denver from its obligation to provide Air Pacific with "information that [it] does have, limited though it might be." *Ziemack v. Centel Corp.*, No. 92 C 3551, 1995 WL 729295, at *3 (N.D. Ill. Dec. 7, 1995); *see also Tovar Snow Pros., Inc.*, 2021 WL 4745376, at *4.

Therefore, Air Pacific's motion to compel responses to Interrogatories 4, 5, and 6 is granted. Gardner Denver must provide Air Pacific with whatever information it has related to its damages theory and the calculation of its damages. To the extent that, to calculate its damages, Gardner Denver needs from Air Pacific or other third parties "a customer list that contains a lot of information including amounts, customer orders, customer names that Atlas Copco was going to target once they acquired the assets of Air Pacific and Accurate Air", it should describe to Air Pacific how that information would factor into its damages theory and calculations. Air Pacific, for its part, should

work with Gardner Denver to provide it access to that information. Once Gardner Denver has that information, it must supplement its responses to Interrogatories 4, 5, and 6, if necessary. But in the meantime it must provide Air Pacific with whatever information it has, in a way that allows Air Pacific to understand its damages theory and calculations. *Cf. Milwaukee Elec. Tool Corp. v. Chervon N. Am. Inc.*, No. 14-CV-1289-JPS, 2017 WL 2445845, at *6 (E.D. Wis. June 6, 2017).

### 2.4. Air Pacific's Motion to Stay Discovery

Air Pacific asks that the court stay discovery until Gardner Denver "has identified damages sufficient to establish subject matter jurisdiction." (ECF No. 49-1 at 6.) Gardner Denver responds that Air Pacific has failed to meet its burden to demonstrate that a stay is appropriate, arguing that "there is no doubt" that its damages are sufficient to establish subject matter jurisdiction. (ECF No. 50 at 15-18.)

Rule 26 "authorize[s] a court to control the timing and order of discovery 'upon motion, for the convenience of the parties and witnesses and in the interest of justice.'" *Winter v. Liberty Mut. Fire Ins. Co.*, No. 06-C-800, 2006 WL 2711804, at *1 (E.D. Wis. Sept. 21, 2006) (citing Fed. R. Civ. P. 26(d)). This case was filed in June 2020 and discovery has progressed slowly to date. A stay would not be convenient for the parties, nor would it be in the interest of justice. Therefore, Air Pacific's motion to stay discovery is denied. *Cf. Coss v. Playtex Prod., LLC*, No. 08 C 50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21,

2009) ("Although stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill.").

### 2.5. Attorney's Fees and Costs

Air Pacific asks this court to award attorney's fees and costs. (ECF No. 49-1 at 24-25.) This court did not award Gardner Denver attorney's fees and costs when it granted its motion to compel in part in September. (*See* ECF No. 48.) It will not award attorney's fees and costs to Air Pacific here.

Moving forward, the parties are urged to work cooperatively to complete discovery. Failure to do so may result in attorney's fees and costs being awarded should additional discovery motions be necessary to compel compliance with the parties' discovery obligations.

**IT IS THEREFORE ORDERED** that the defendant's motion to compel is **GRANTED** in part and **DENIED** in part.

Dated at Milwaukee, Wisconsin this 29th day of December, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge