UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARDNER DENVER, INC.,

          Plaintiff,

v.                                                       Case No. 20-CV-895

AIR PACIFIC COMPRESSORS, INC.,

          Defendant.

## ORDER

Currently pending before the court is plaintiff Gardner Denver's Motion to Restrict Certain Exhibits to Declaration of Nathan D. Imfeld. (ECF No. 65.) Gardner Denver has indicated that the motion is unopposed. (*See id.* at 2.)

"[I]t is beyond dispute that most documents filed in court are presumptively open to the public." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). "This presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) (quoting *Press-Enter. Co. v. Superior Ct. of California*, 464 U.S. 501, 510 (1984)).

Gardner Denver explains that it filed its motion to seal "in an abundance of caution and to comply with its discovery obligations under the Protection Order." (ECF No. 65 at 2.) The documents that it wants sealed are documents that defendant Air Pacific Compressors, Inc. has designated "confidential" or for "attorney's eyes only." (*Id.*) To the extent that Gardner Denver understands this court's General Local Rule 79(d) as suggesting that a party's designation of material as confidential is sufficient reason to support sealing the document, it misreads the rule. The requirement that material designated as "confidential" or otherwise subject to a protective order must be initially filed under seal is to maintain the status quo until the court can decide whether the information must be withheld from public view. The fact that a party designates material as confidential and the other party does not object to it being withheld from the public view is not, by itself, good cause to support sealing a document. *Starsurgical Inc. v. Aperta, LLC*, No. 10-CV-01156, 2011 U.S. Dist. LEXIS 141545, at *10 (E.D. Wis. Dec. 8, 2011) (citing *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007)).

Air Pacific has not identified any consideration which would justify restricting access to the documents it wants sealed. *Cf. Smith v. U.S. Dist. Ct. for S. Dist. of Illinois*, 956 F.2d 647, 650 (7th Cir. 1992); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999). The documents attached to Nathan Imfeld's declaration (ECF No. 67), for example, do not appear to contain trade secrets. And even if they did, this court could seal "only the *secrets*"—not the documents in their entirety.

*See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (emphasis in original). "Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied." Gen. L. R. 79(d)(3). Consequently, Gardner Denver's motion to seal is denied.

Because it was Air Pacific that designated the documents as "confidential" or for "attorney's eyes only," the court finds that the onus to demonstrate that public access to the documents ought to be restricted should shift to it. Should Air Pacific want these documents to remain restricted, it must file a renewed motion showing good cause as to why specific information cannot be made public. General Local Rule 79(d)(2) sets forth what Air Pacific should include in the motion. The motion "must describe the general nature of the information withheld from the public record." Gen. L. R. 79(d)(2) Moreover, "to the extent possible," the motion "should include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request." *See id.* And the court reminds the parties that any decision of this court on the merits will be public, even if it relies on information the parties deem confidential. *See Cnty. Materials Corp.*, 502 F.3d at 739 (quoting *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992)); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348-49 (7th Cir. 2006).

**IT IS THEREFORE ORDERED** that the plaintiff's motion is **DENIED**.

The documents will become public unless Air Pacific files a renewed motion to restrict the documents pursuant to General Local Rule 79(d) by February 25, 2022. The motion must include two versions of each document that it wants to have sealed: one that will be restricted to the parties, and a public version that redacts only the narrow details that are properly private.

Dated at Milwaukee, Wisconsin this 17th day of February, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge