UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARDNER DENVER, INC.,

          Plaintiff,

v.                                   Case No. 20-CV-895

AIR PACIFIC COMPRESSORS, INC.,

          Defendant.

ORDER

Currently pending before the court is defendant Air Pacific Compressors, Inc.'s motion for judgment on the pleadings. (ECF No. 57.) Air Pacific asks that the court dismiss plaintiff Gardner Denver, Inc.'s claims for "fraud – intentional misrepresentation" and "fraud – concealment." (ECF No. 57-1 at 2.) That motion has been fully briefed and is ready for resolution. All parties have consented to the full jurisdiction of this court. (ECF Nos. 5, 20.)

1. **Applicable Law**

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed … a party may move for judgment on the pleadings." A motion under Rule 12(c) generally requires the court to apply the same well-established

standard applicable to a motion under Rule 12(b)(6). Thus, to survive a motion for judgment on the pleadings, "the complaint must state a claim that is plausible on its face." *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016) (quoting *Vinson v. Vermilion Cnty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lodholtz v. York Risk Servs. Group*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court accepts as true the facts alleged in the complaint. *St. John*, 822 F.3d at 388. However, the court need not accept as true any legal assertions. *Lodholtz*, 778 F.3d at 639 (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014)). A Rule 12(c) motion is to be granted "only if it appears beyond doubt that [the plaintiff] cannot prove any facts that would support [its] claim for relief." *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016) *(quoting Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

However, Rule 12(c) is more expansive than Rule 12(b)(6):

> When the movant seeks relief under 12(c) based upon the substantive merits of the case rather than a procedural defect cognizable under 12(b)(6), the court applies the standard applicable to a motion for summary judgment. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). Thus, the court considers whether there exists a "genuine dispute as to any material fact" and whether the movant "is entitled to judgment as a matter of law." *Conley v. Birch*, 796 F.3d 742, 746 (7th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). The difference between Rule 12(c) and Rule 56 is that under Rule 12(c) the court's review is limited to the pleadings. *Alexander*, 994 F.2d at 336. "When the complaint itself contains everything needed to

2

show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c)." *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011); *see also Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012) ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c).").

*Chapman v. Milwaukee Cnty.*, No. 15-CV-14, 2015 U.S. Dist. LEXIS 130195, at *4 (E.D. Wis. Sep. 25, 2015).

**2. Analysis**

In describing the "Nature of the Action" in its complaint, Gardner Denver states that it

> brings this action to recover lost revenues and profits, transition costs, damages related to reputational and competitive harm, incidental damages, and other damages in an amount to be fully proven at trial resulting from breach of contract and breach of the implied covenant of good faith as to Defendants Accurate Air and Compressed Air, and fraud as to Defendant John Lague.

(ECF No. 1, ¶ 1.) Gardner Denver alleges that "Accurate Air and Compressed Air willfully and materially breached their long-standing contractual agreement with Gardner Denver by failing to provide Gardner Denver with a 90-day written notice prior to termination as expressly required in the operative agreements between the parties." (*Id.*, ¶ 2.) "As a result, Gardner Denver was deprived of the benefit of its bargain with Accurate Air and Compressed Air—90 days to find a new distributor and preserve its customer base and profits—and justifiably relied to its detriment on John

Lague's misrepresentations." (*Id.*) Compressed Air and Lague have since been dismissed from the case. (*See* ECF No. 32.)

Notwithstanding its description of its claim against Air Pacific as being one for breach of contract (and for the related claim of breach of the implied covenant of good faith), Gardner Denver's complaint includes claims against Air Pacific for "Fraud—Intentional Misrepresentation" and "Fraud—Concealment." In its "fraud – intentional misrepresentation" claim, Gardner Denver alleges that Air Pacific intentionally misrepresented to Gardner Denver that it "had 'ceased all business operations and [was] 'liquidating' [its] assets and had 'destroyed' all of Gardner Denver's competitively sensitive and proprietary confidential business information." (ECF No. 1, ¶¶ 75-76.)

In its "fraud – concealment" claim, Gardner Denver claims that Air Pacific "concealed material information from Gardner Denver." (ECF No. 1, ¶ 83.) "More specifically, the representations that [Air Pacific] had 'ceased all business operations' and [was] 'liquidating' [its] assets and had "destroy[ed]" all of Gardner Denver's competitively sensitive and proprietary confidential business information as of October 17, 2019 were false and an intentional concealment of material facts." (*Id.*)

Air Pacific argues that the economic loss doctrine bars Gardner Denver's two fraud claims because "[t]he parties Agreement is the center-piece of [Gardner Denver's] claims and not, as [Gardner Denver] alleges, collateral to the fraud." (ECF No. 57-1 at 7.) Because Gardner Denver's claims are "based entirely on a breach of terms of a contract

between the parties, and not on a violation of an independent duty imposed by law," it must "sue in contract and not in tort." (*Id.* (citing *Greenstar, LLC v. Heller*, 934 F. Supp. 2d 672, 696 (D. Del. 2013)).)

Gardner Denver disagrees, arguing that its fraud claims are not barred by the economic loss doctrine because they "are not derived from the Distributor Agreement but rather are independent torts." (ECF No. 66 at 9.) Moreover, both of its fraud claims allege "that Air Pacific *intentionally* deceived it by making the statement laid out in the Complaint" and, Gardner Denver argues, "intentional fraud claims can readily co-exist with a breach of contract claim." (*Id.* at 10, 11 (citing *Greenstar, LLC*, 934 F. Supp. 2d at 696.) And "[t]he conclusion that the Fraud Claims fall outside the ambit of the economic loss doctrine is further bolstered by the fact that Gardner Denver has pled non-economic damages as result of Air Pacific's fraud." (*Id.* at 11.)

"The economic loss doctrine is a judicially created doctrine that prohibits certain claims in tort where overlapping claims based in contract adequately address the injury alleged." *Gea Sys. N. Am. LLC v. Golden State Foods Corp.*, No. CVN18C11242EMDCCLD, 2020 WL 3047207, at *7 (Del. Super. Ct. June 8, 2020) (internal citations omitted). Indeed, it prohibits recovery in tort where "the only losses suffered are economic in nature. Economic loss is defined as monetary loss, costs of repair or replacement, loss of employment, loss of business or employment opportunities, loss of good will and

diminution in value." *Id.* (citing *Sycamore Farms, Inc. v. Barnes Elec., Inc.*, No. CIV.A. 08C-05007 RFS, 2011 WL 5330621, at *1 (Del. Super. Ct. Oct. 20, 2011)).

However, there are exceptions to the doctrine, "including claims of fraud, as well as other intentional torts." *Livery Coach Sols., L.L.C. v. Music Express/E., Inc.*, 245 F. Supp. 3d 639, 646 (D. Del. 2017) (citing *Commonwealth Const. Co. v. Endecon, Inc.*, No. CIV.A. 08C01266RRC, 2009 WL 609426, at *5 (Del. Super. Ct. Mar. 9, 2009)). For those exceptions to apply, "the plaintiff must allege that the defendant breached a duty that is independent of the duties imposed by the contract." *Abbott Lab'ys v. Owens*, No. CV13C09186JRJCCLD, 2014 WL 8407613, at *7 (Del. Super. Ct. Sept. 15, 2014) (citing *Brasby v. Morris*, No. C.A. 05C-10-022-RFS, 2007 WL 949485, at *7 (Del. Super. Ct. Mar. 29, 2007)); *see also Gea Sys. N. Am. LLC*, 2020 WL 3047207, at *9 (dismissing a claim for intentional misrepresentation because the claim only alleged that the defendant did not intend to perform its obligations under the contract).

In an effort to plead around the economic loss doctrine, Gardner Denver alleges that Air Pacific's misrepresentations and concealment "violate broad social duties that are separate and distinct from, and collateral to, any specific executory contractual promises [it] made to Gardner Denver." (ECF No. 1, ¶¶ 78, 86.) "Accordingly, the duties violated by [Air Pacific] are defined by the social policies embodied in the law of torts and beyond those set forth in the parties' agreements." (*Id.*)

6

Case 2:20-cv-00895-WED   Filed 03/15/22   Page 6 of 8   Document 77

Notwithstanding those allegations, however, the court agrees with Air Pacific that "the gravamen of [Gardner Denver's] legal claims rest on [Air Pacific's] compliance with the [Distributor] Agreement—*i.e.*, the specific way that [Air Pacific] exercised its contractual right to terminate the contract. The parties' Agreement is the center-piece of [Gardner Denver's] claims and not, as [Gardner Denver] alleges, collateral to the fraud." (ECF No. 57-1 at 7.) Gardner Denver alleges that Air Pacific's misrepresentations and concealment led to its failure to perform its obligations under the Distributor Agreement. (*See, e.g.*, ECF No. 1, ¶¶ 74-75, ¶¶ 82-83.) That Air Pacific allegedly also violated "broad social duties" does not change the fact that its fraud claims find their genesis in the parties' Distributor Agreement. *See Greenstar, LLC*, 934 F. Supp. 2d at 696 ("[W]here an action is based entirely on a breach of the terms of a contract between the parties, and not on a violation of an independent duty imposed *by law*, a plaintiff must sue in contract and not in tort.") (Emphasis added.)

Moreover, the damages that Gardner Denver claims to have suffered as a result of Air Pacific's intentional misrepresentation and concealment are "nothing more than a 'rehash'" of the damages it claims to have suffered as a result of Air Pacific's alleged breach of contract. *See Cornell Glasgow, LLC v. La Grange Properties, LLC*, No. CIV.A. N11C-05013JRS, 2012 WL 2106945, at *9 (Del. Super. Ct. June 6, 2012).

Therefore, Gardner Denver's fraud claims are barred by the economic loss doctrine. Gardner Denver's fraud claims fail to state plausible claims and Air Pacific is

entitled to judgment on these claims as a matter of law. Air Pacific's motion for judgment on the pleadings is granted and Gardner's Denver's fraud claims are dismissed.

**IT IS THEREFORE ORDERED** that the defendant's motion for judgment on the pleadings is **GRANTED**. The fourth—"fraud – intentional misrepresentation"—and fifth "fraud – concealment"—claims of the plaintiff's complaint are dismissed.

Dated at Milwaukee, Wisconsin this 15th day of March, 2022.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge