UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**GARDNER DENVER, INC.,**

          Plaintiff,

    v.                                           Case No. 20-CV-895

**AIR PACIFIC COMPRESSORS, INC.,**

          Defendant.

# ORDER

On July 14, 2021, plaintiff Gardner Denver, Inc. filed a motion to compel. (ECF No. 41.) On September 21, 2021, this court granted that motion in part. (*See* ECF No. 48.) Less than six weeks later, defendant Air Pacific Compressors, Inc. filed its own motion to compel. (ECF No. 49.) On December 29, 2021, this court granted that motion in part. (*See* ECF No. 68.) Specifically, this court ordered Gardner Denver to

> provide Air Pacific with whatever information it has related to its damages theory and the calculation of its damages. To the extent that, to calculate its damages, Gardner Denver needs from Air Pacific or other third parties "a customer list that contains a lot of information including amounts, customer orders, customer names that Atlas Copco was going to target once they acquired the assets of Air Pacific and Accurate Air", it should describe to Air Pacific how that information would factor into its damages theory and calculations. Air Pacific, for its part, should work with Gardner Denver to provide it access to that information. Once Gardner Denver has that information, it must supplement its responses to

> Interrogatories 4, 5, and 6, if necessary. But in the meantime it must provide Air Pacific with whatever information it has, in a way that allows Air Pacific to understand its damages theory and calculations.

(*Id.* at 10-11.)

Air Pacific has since filed a motion for sanctions, arguing that Gardner Denver has "failed to comply with the court's December 29 order." (ECF No. 79 at 14 (all citations reflect ECF pagination).) It asks that the court preclude Gardner Denver from offering evidence or testimony to support its claim for damages and from providing its expert any evidence of damages and asks the court to award it attorneys' fees for having to bring the motion. (*Id.* at 5.) Gardner Denver maintains that its "amended responses comply with the court's order" and argues that Air Pacific is seeking "extraordinary relief that would functionally dismiss the case." (ECF No. 87 at 14, 18 (all citations reflect ECF pagination).)

Federal Rule of Civil Procedure 37(b)(2) lists the sanctions a court may impose on a party for its failure to comply with a court order. *See* Fed. R. Civ. P. 37(b)(2). The Rule extends to a party's failure to comply with an order compelling discovery. *See* § 2289 Failure to Comply with Order Compelling Discovery, 8B Fed. Prac. & Proc. Civ. § 2289 (3d ed.). Importantly, the Rule "gives the court broad discretion to make whatever disposition is just in light of the facts of the particular case." *Id.*

The court cannot conclude that Gardner Denver has failed to comply with its December 29 order. In its amended response to Interrogatory Four, for example, Gardner Denver explained:

> With respect to APC's failure to provide a 90-day written notice of termination in subpart (a) of this Interrogatory, lost revenues, profits, and business opportunities that Gardner Denver otherwise would have had, transition, mitigation, and other incidental costs related to Gardner Denver's efforts to identify, engage, and onboard replacement distributors to service the Territory and to manage customer questions and confusion, expectation damages in that Gardner Denver was deprived of the benefit of its bargain as agreed to in APC's distributor agreement, and harm to Gardner Denver's reputation, brand, and goodwill with customers and other industry partners given the lack of a reasonable transition plan with APC. Gardner Denver notes that its information regarding these damages is incomplete, in that either APC or third-parties, including Atlas Copco, are in possession of information relevant to these damages, including communications between APC, Atlas Copco, and prospective Gardner Denver customers, and information regarding sales to these same prospective customers both before and after APC's wrongful termination of its Gardner Denver distribution agreement.

(ECF No. 82-16 at 9.)

The response describes several categories of damages: "lost revenues, profits, and business opportunities," "transition, mitigation, and other incidental costs," "expectation damages," and "harm to Gardner Denver's reputation, brand, and goodwill." It also explains how those damages relate to Air Pacific's "failure to provide a 90-day written notice of termination." For example, Gardner Denver is claiming to have suffered "harm to [its] reputation, brand, and goodwill" because it did not have "a reasonable transition plan with [Air Pacific]." Had Air Pacific provided 90-days written

notice, the argument goes, Gardner Denver would have had time to develop such a plan and would not have suffered the alleged "harm to [its] reputation, brand, and goodwill." While the response could more specifically explain how "communications between APC, Atlas Copco, and prospective Gardner Denver customers, and information regarding sales to these same prospective customers both before and after APC's wrongful termination of its Gardner Denver distribution agreement" are "relevant" to Gardner Denver's damage theory and calculations, it provides enough of an explanation for Air Pacific to begin to understand how that information will factor into Gardner Denver's damage theory and calculations.

Air Pacific filed its motion on March 18, 2022. (*See* ECF No. 78.) Less than two months before, it produced "4,712 documents" and indicated that more documents were "forthcoming." (*See* ECF No. 88-2 at 3-5; ECF No. 88-12 at 2; ECF No. 88-15 at 2; ECF No. 88-16 at 2; ECF No. 88-17 at 2.) In reviewing those documents, Gardner Denver has so far concluded that some of them—namely, the "salesperson commission reports" and "a customer conversion list"—are relevant to its damage calculations. (ECF No. 87 at 17-18.) Gardner Denver has indicated that "it will continue to supplement and amend [its responses] in good faith," and the court will give it the opportunity to do so. (*Id.* at 14.)

For the reasons explained above, Air Pacific's motion for sanctions will be denied. The court notes that, as Gardner Denver points out, "[t]he crux of Air Pacific's motion—

4
Case 2:20-cv-00895-WED   Filed 05/02/22   Page 4 of 6   Document 96

and nearly all of Air Pacific's arguments to date—has been Air Pacific's insistence that none of Gardner Denver's damages are recoverable because all are barred by the Distributor Agreement's limited liability provision." (ECF No. 87 at 22.) Should Air Pacific want to make that argument, it should "move for a partial summary judgment and argue that, as a matter of law, Gardner Denver's damages are not recoverable." (*Id.* at 17.)

The court also reminds Gardner Denver that, as it continues to amend and supplement is responses, it must do so in a way that "allows Air Pacific to understand its damages theory and calculations." (ECF No. 68 at 10.) Gardner Denver's responses to date allow for that understanding—but barely. The court expects Gardner Denver to offer more specific explanations in its future amended responses as it continues to receive information relevant to its damage theory and calculations. Failure to do so may result in sanctions.

Air Pacific's request for judicial notice (ECF No. 81) will also be denied. Air Pacific asks that the court "take judicial notice of orders from Case No. 01 C 4366 in the United States District Court for the Northern District of Illinois." (*Id.* at 2.) But Air Pacific does not clarify what exactly it wants the court to take notice of. For example, this court could take notice of the *fact* that on July 23, 2003, Judge George W. Lindberg issued an order in *Zenith Electronics Corp. v. WH-TV Broadcasting Corp*. *See*

*Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). But it cannot take notice of any interpretations of *law* that Judge Lindberg may have made in that order. *See Lenz v. Robert W. Baird & Co. Inc.*, No. 16-C-0977, 2017 WL 639316, at *2 (E.D. Wis. Feb. 16, 2017), aff'd, 697 F. App'x 456 (7th Cir. 2017).

**IT IS THEREFORE ORDERED** that the defendant's motion for sanctions (ECF No. 78) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's request for judicial notice (ECF No. 81) is also **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of May, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge